**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore Heinemann, | ) |
| Plaintiff, | ) |
| | ) No. CIV 19-200-TUC-CKJ |
| vs. | ) |
| | ) **ORDER** |
| Nogales Police Department, et al., | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss Case (Docs. 8 and 16) filed by Defendant Nogales Police Department ("NPD"). Plaintiff Theodore Heinemann ("Heinemann") has filed a response (Docs. 9 and 18). Also pending before the Court are the Motion to Bar State Refiling Case CF 2019-018 (Doc. 10), the Motion to Compel (Doc. 13), the Motion to Appoint a Federal Defender (Doc. 19) and the Motion to Allow Electronic Filing by a Party appearing without an Attorney (Doc. 20) filed by Heinemann. NPD has filed responses (Docs. 12 and 17) and Heinemann has filed a reply (Doc. 11).

*Factual and Procedural Background*[1]

On April 3, 2019, Heinemann filed a Complaint against Defendant Nogales Police

_____

[1]Unless otherwise stated, the factual allegations are taken from the Complaint (Doc. 1).

Court Clerks.  The body of the Complaint states one Defendant as the Nogales Police.  The Court accepts this Defendant as the NPD.  The body of the Complaint also states a Defendant as Clerk, with an address which corresponds to Santa Cruz County Courthouse.  The factual allegations state this Defendant as "Justice Court Clerks precinct one."  Complaint (Doc. 1-1, p. 1 of 27).  The Court accepts this Defendant as the Clerk of Courts.  Heinemann has also filed three documents entitled "Amended Complaint."  (Docs. 14, 15, and 21).  These documents indicate Heinemann is amending his Complaint to include the City of Nogales as a Defendant.  These documents also include additional facts supporting Heinemann's claims.  The Clerk of this Court will be directed to amend the caption to reflect the Defendants as the NPD, the Clerk of Courts, and the City of Nogales.

The Complaint states a Fourth Amendment Violation (Search) is at issue in this case.  Heinemann asserts the NPD violated Heinemann's right to be free from an unreasonable search.  Heinemann also alleges three defense attorneys conspired with the prosecutor and raised the issue of Heinemann's mental competency so the government could avoid a preliminary hearing based on false medical allegations.  Heinemann asserts this was to hide evidence in case number CF 2019-018 because the case was based on confidential informants that were on probation and not credible.  Heinemann also alleges his right to a preliminary hearing was violated because CF 2019-018 was dismissed without Heinemann having an opportunity to view the evidence against him.  Heinemann alleges NPD has refused to provide him with video evidence or a record of the 911 call.  He asserts he is suing NPD for a FOIA violation.

Heinemann also alleges the Clerk of Courts discriminated against him by not filing his motions correctly in CF 2019-018.

*Motion to Allow Electronic Filing by a Party Appearing Without an Attorney* (Doc. 20)

Heinemann's motion indicates he has adequate electronic equipment, is able to comply with the requirements of the ECF Administrative Polices and Procedures Manual ("Manual"), and is able to comply with the privacy policy of the Judicial Conference of the

United States and the E-Government Act of 2002. Although Heinemann's motion indicates he has not reviewed the Manual, the Court will grant the request, but direct Heinemann to review the Manual.

*Motion to Appoint Attorney* (Doc. 19)

Heinemann requests this Court appoint a federal defender to assist him in this case and in state case number 2019-0000095. Heinemann has not provided this Court with any authority to appoint an attorney to assist him in the state action.

As to the request for an attorney to assist him in this case, the Court notes it may request an attorney to represent a person proceeding in forma pauperis who is unable to employ counsel. 28 U.S.C. § 1915(d). The Court does not have the power to make a mandatory appointment of counsel, but the Court may request assistance from volunteer counsel. *Id.*; *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). In this case, there is no showing Heinemann does not have the resources to hire an attorney. Rather, he has paid the filing fee in this case and has not requested *in forma pauperis* status.

Moreover, in determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal issues involved." *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988), quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (court may ask counsel to represent indigent litigant under § 1915 only in "exceptional circumstances"). Heinemann has not provided any information to conclude that there is a likelihood of success. Rather, at this point, the pleadings/documents before the Court simply indicate there is a dispute between the parties. Further, Heinemann's request does not indicate Heinemann is unable to articulate his claims in light of the complexity of the claims. Rather, Heinemann has been able to articulate his claims and requests.

Indeed, the Court finds that any difficulty Heinemann may be having in presenting his claims *pro se* is not based on the complexity of the legal issues involved but rather on the

general difficulty of litigating *pro se.  See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986).  Furthermore, Heinemann has done a credible job in presenting motions and filing supporting papers on behalf of his case.  *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir. 1986).  Additionally, the Court considers that Heinemann has made no showing that he has attempted to obtain counsel on his own.  The Court declines to seek volunteer counsel at this time.

However, the Court recognizes that, should this matter proceed to trial, a presentation of the evidence may require greater skill than Heinemann has or can develop.  The Court will deny the Motion to Appoint Attorney with leave to resubmit.  In the event this matter is scheduled for trial, Heinemann may resubmit his request.  *See e.g., Reynolds v. Foree*, 771 F.2d 1179 (8th Cir. 1985); *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983).

*Notice of Motion to Dismiss*

In his response to the Motion to Dismiss (Doc. 9), Heinemann asserts the defense has not provided him with a copy of the Motion to Dismiss.  While the Court notes the Motion to Dismiss does not state that a copy of the Motion was mailed to Heinemann, clearly Heinemann has notice of the Motion or he would not have filed a response.  Nonetheless, the Court will not address the substantive issue of whether the NPD is a non-jural entity to afford Heinemann an opportunity to respond to this argument.  Indeed, the Court notes Heinemann has not included NPD as a Defendant in his Amended Complaints; he may not oppose this portion of the Motion to Dismiss.

Because the Court is directing Heinemann to file a Fourth Amended Complaint, *see* discussion *infra*, the Court will deny the Motion to Dismiss.  Any Fourth Amended Complaint filed by Heinemann will supersede the original Complaint and Amended Complaints.  If appropriate, Defendants may move to dismiss any Fourth Amended Complaint filed by Heinemann.

*Service of Process*

Although Heienemann asserts he did not receive a copy of the Motion to Dismiss from the defense, the Court finds it appropriate to address the issue of the adequacy of service raised in the Motion.

When a defendant challenges service under Fed. R. Civ. P. 12(b)(5), the plaintiff bears the burden of establishing the validity of service under Fed.R.Civ.P. 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *United Food & Commercial Workers Int'l Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, absent substantial compliance with FRCP 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

Here, the returns of summonses indicate that Heinemann served NPD and the Clerk of Courts by certified mail. The applicable federal rule requires service upon a state-created governmental organization by "(A) *delivering* a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed.R.Civ.P. 4(j)(2) (emphasis added). The applicable Arizona rule states:

> (h) Serving a Governmental Entity. If a governmental entity has the legal capacity to be sued and it has not waived service under Rule 4.1(c), it may be served by *delivering a copy of the summons and the pleading being served* to the following individuals:
>
> * * * * *
>
> (4) for service on any other governmental entity:
>
> > (A) the individual designated by the entity, as required by statute, to receive service of process; or
> >
> > (B) if the entity has not designated a person to receive service of process, then the entity's chief executive officer(s), or, alternatively, its official secretary, clerk, or recording officer.

Ariz.R.Civ.P. 4.1(h) (emphasis added). In other words, service of the summons and

complaint by certified mail is insufficient. The Court finds Heinemann has not substantially complied with the service requirements.

While it is clear that Defendant NPD has actual notice of the action, it cannot be said that Heinemann substantially complied with Fed.R.Civ.P. 4. *See generally Direct Mail Specialists, Inc. v. Eclat Computerized Techs*, 840 F.2d 685 (9th Cir. 1988). However, Fed.R.Civ.P. 4(m) allows the time to complete service to be extended. The Court finds it appropriate to afford Heinemann an opportunity to complete service upon Defendants. Indeed, as discussed *infra*, the Court will direct Heinemann to file a Fourth Amended Complaint; Heinemann will be afforded an opportunity to complete service of the Fourth Amended Complaint upon Defendants.

*Form of Complaint*

Heinemann has filed a Complaint naming NPD and the Clerk of Courts as defendants in this matter. He has further submitted three Amended Complaints (Docs. 14, 15, and 21).

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Indeed, a "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

A complaint must set forth sufficient facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed.R.Civ.P. 10(a). "Each claim . . . shall be stated in a separate count . . . whenever a

separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Here, it appears Heinemann is seeking to present his claims in four documents (Docs. 1, 14, 15, and 21). This piecemeal presentation places the onus on the Court and Defendants to decipher which facts support which claims. Further, because the Amended Complaints name different Defendants than those named in the original Complaint, it is not clear against who Heinemann is seeking to state claims. The Court will dismiss the original Complaint and the Amended Complaints. Further, the Court will direct Heinemann to file a Fourth Amended Complaint which states all Defendants and all claims Heinemann is seeking to present. The Fourth Amended Complaint will supersede the original Complaint and first three Amended Complaints. *See*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (A first amended complaint supersedes the original complaint; after amendment, the court will treat an original complaint as nonexistent); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). The Court will briefly discuss the requirement a complaint must state a claim upon which relief may be granted and

legal theories upon which Heinemann may be seeking to proceed.

*Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id.* at 555 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* at 555. The Court considers these standards in determining whether a plaintiff has "nudge[d] [his] claims across the line from conceivable to plausible." *Id.* at 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89 (2007).

In discussing *Twombly*, the Ninth Circuit has stated:

> "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

> In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the

light most favorable to a plaintiff. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

*Claims against a Government Entity*

It appears Heinemann may be attempting to state claims of civil rights violations against the City of Nogales pursuant to 42 U.S.C. § 1983. *See Cabrera v. City of Huntington*, 159 F.3d 374 (9th Cir. 1998). 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States and (2) the alleged deprivation was committed by a person action under color of state law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

A government entity "cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. 658, 691 (2000). The local government "itself must cause the constitutional deprivation." *Gilette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.1992), *cert. denied*, 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the *respondeat superior* theory and demonstrate that the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–480 (1986).

To state a civil rights claim against a government entity,[2] a plaintiff must allege the requisite culpability (a "policy or custom" attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Monell*, 436 U.S. at 691–694; *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir.2002). Additionally, a government entity "may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001), *quoting Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir.2007). However, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1995), cert. denied, 520 U.S. 1117, 117 S.Ct. 1249 (1997).

Additionally, Congress did not intend to "impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Monell*, 436 U.S. at 692. Supervisory personnel are not generally liable under section 1983 for actions of their employees under a *respondeat superior* theory; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).

To state a claim for supervisor liability, a plaintiff must allege facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v.*

---

[2]"Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 224 Ariz. 481, 487, ¶ 12, 232 P.3d 1263, 1269 (App. 2010) (citations omitted).

1     *Black*, 885 F.2d 642, 646 (9th Cir.1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989);

2     *see also Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (supervisory liability in

3     an individual capacity requires: (1) that defendant's "own culpable action or inaction in the

4     training, supervision, or control of his subordinates" caused the constitutional injury, (2) that

5     the defendant "acquiesce[d] in the constitutional deprivations of which [the] complaint is

6     made," or (3) that his conduct showed a "reckless or callous indifference to the rights of

7     others").

8

9     *Unreasonable Search*

10         Heinemann asserts NPD violated his right to be free from an unreasonable search.

11     The Fourth Amendment protects the "right of the people to be secure in their persons, houses,

12     papers, and effects, against unreasonable searches and seizures." United States Constitution,

13     4th Amend. To state a claim for a Fourth Amendment unreasonable search violation, a

14     plaintiff must allege that a defendant conducted an unreasonable search. *Samson v.*

15     *California*, 547 U.S. 843, 126 S.Ct. 2192, 2197, 165 L.Ed.2d 250 (2006); *see also Branch*

16     *v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991) (where an officer knowingly or recklessly

17     submits false information in an affidavit supporting an application for a warrant, the

18     individual's Fourth Amendment rights are violated) (overruled on other grounds). Under the

19     Fourth Amendment, courts examine the totality of circumstances to determine whether a

20     search is reasonable. *Id*. Furthermore, reasonableness is determined by weighing the

21     intrusion on the individual's privacy right against the promotion of a legitimate governmental

22     interest. *Id.* Such an allegation must include an allegation of an affirmative link between the

23     injury and the conduct of a specific named defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72,

24     377 (1976); *see also Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (officer cannot be

25     held liable without a showing of individual participation, i.e., integral participation, in

26     unlawful conduct); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (section 1983 liability

27     arises where there is personal involvement).

28

*Equal Protection*

Heinemann alleges the Clerk of Courts discriminated against him by not filing his motions correctly in CF 2019-018. He appears to be seeking to state a claim for violation of the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Equal Protection Clause also forbids unequal enforcement of valid laws where such unequal enforcement is the product of improper motive. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *see also United States v. Bourgeois*, 964 F.2d 935 (9th Cir. 1992); *Church of Scientology of California v. C.I.R.*, 823 F.2d 1310 (9th Cir. 1987).

Again, the claim must be alleged against a specific named defendant. *Fayle*, 607 F.2d at 862 (section 1983 liability arises where there is personal involvement).


*Freedom of Information Act and Arizona Public Records Law*

Heinemann alleges NPD has refused to provide him with video evidence or a record of the 911 call. He is seeking relief pursuant to the Freedom of Information Act ("FOIA").

When a plaintiff makes a claim under FOIA "federal jurisdiction is dependent upon a showing that [a federal agency] has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' " *Kissinger v. Reporters of Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "[J]udicial authority to devise remedies and enjoin agencies can only be invoked...if the agency has contravened all three components of this obligation." *Id*. Additionally, a FOIA claimant must exhaust administrative remedies before filing a lawsuit. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987); *see also In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986) ("Exhaustion of a part[y']s administrative remedies is required under

the FOIA before that party can seek judicial review."). Lastly, "records or information compiled for law enforcement purposes" may be exempted from disclosure if their production:

> (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual[.]

5 U.S.C.A. § 552(b)(7).

Further, Arizona's public records law mandates "[public records] shall be open to inspection by any person at all times during office hours." A.R.S. § 39–121.[3] "A person need not demonstrate a particular purpose to justify disclosure." *Hodai v. City of Tucson*, 239 Ariz. 34, 38, 365 P.3d 959, 963 (Ct. App. 2016). The fact that the public record exists is sufficient to create a presumption requiring disclosure. *See Griffis v. Pinal Cty.*, 215 Ariz. 1, ¶ 8, 156 P.3d 418, 421 (2007). Nonetheless, a public officer may refuse release or inspection of a public record if such disclosure "might lead to substantial and irreparable private or public harm." *Carlson v. Pima Cty.*, 141 Ariz. 487, 491, 687 P.2d 1242, 1246 (1984). "Discretionary refusal to disclose based on the best interests of the state is subject to judicial scrutiny." *Hodai*, 239 Ariz. at 38. "Th[e] 'best interests of the state' standard is not confined to the narrow interest of either the official who holds the records or the agency

[3]"Arizona's Public Records Law is broader than FOIA, *see* 5 U.S.C.A. § 552, but '[w]hen interpreting Arizona's public records statutes, it is appropriate to look to FOIA for guidance.' *Phoenix New Times, L.L.C. v. Arpaio*, 217 Ariz. 533, 539, ¶ 15, n.3, 177 P.3d 275, 281 (App. 2008). A federal agency's responsibility to search databases to respond to a FOIA request is analogous to a state agency's responsibility to search databases to respond to a request under Arizona's Public Records Law." *Lunney v. State*, 244 Ariz. 170, 177, 418 P.3d 943, 950 (Ct. App. 2017)

he or she serves. It includes the overall interests of the government and the people." *Phx. Newspapers, Inc. v. Keegan*, 201 Ariz. 344, ¶ 18, 35 P.3d 105, 109–10 (App.2001). "The government has the burden of specifically demonstrating how production of documents would be detrimental to the best interests of the state." *Hodai*, 239 Ariz. at 38.

*Conspiracy*

Heinemann also alleges three defense attorneys conspired with the prosecutor and raised the issue of Heinemann's mental competency so the government could avoid a preliminary hearing based on false medical allegations. Because Heinemann has not alleged any specific defendant that engaged in a conspiracy, it does not appear he is seeking to state a claim for conspiracy. However, the Court finds it appropriate to briefly discuss the elements of a civil rights conspiracy claim.

To state a § 1985(3) conspiracy claim to interfere with civil rights, "a plaintiff must allege []: (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in the furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see also Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). An essential requirement for a § 1985(3) claim is that there must be some racial or other class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), *quoting Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

*Due Process*

Heinemann alleges his right to a preliminary hearing was violated because CF 2019-018 was dismissed without Heinemann having an opportunity to view the evidence against him. To allege a procedural due process claim, Heinemann must allege that there is a liberty

interest protected by the Constitution, there has been a deprivation of the interest by the government, and a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *see also Board of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).

*Motion for Change of Venue* (Doc. 9)*, the Motion to Bar State Refiling Case CF 2019-018* (Doc. 10), *and the Motion for Collateral Jurisdiction* (Doc. 19)

In his response to the Motion to Dismiss, Heinemann requests a change of venue. Specifically, he is requesting the Court take jurisdiction over the state criminal matter; similarly, Heinemann has filed a motion requesting this Court take collateral jurisdiction over the state matter. Additionally, Heinemann has filed a Motion to Bar State Refiling Case CF 2019-018, in which Heinemann requests the State be barred from refiling the state case.

However, there is a "'fundamental policy against federal interference with state criminal prosecutions.'" *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). While *Younger* allows for federal equitable intervention in a state criminal trial where there is a showing of 'bad faith' or 'harassment' by state officials responsible for the prosecution, *id*., at 54, such intervention is appropriate only where:

> the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," *id*., at 53, 91 S.Ct., at 755, or where there exist other 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.' *Ibid*.

*Kugler*, 421 U.S. at 123-4.

The Court will deny the request at this time. Should this matter progress beyond the pleading stage (i.e., the filing of a Fourth Amended Complaint and Answers), Heinemann may re-urge this request, which will afford Defendants an opportunity to respond to the request.

*Motion to Compel* (Doc. 13)

Heinemann requests that Defendants be ordered to disclose all evidence in case number CF 2019-018. The Court will deny this request at this time. Should this matter

progress beyond the pleading stage (i.e., the filing of a Fourth Amended Complaint and Answers), Heinemann may re-urge this motion, which will afford Defendants an opportunity to respond to the request.

*Fourth Amended Complaint*

Within 30 days, Heinemann may submit a Fourth Amended Complaint to address the deficiencies outlined above. The Clerk of Court will mail Heinemann a court-approved form to use for filing a Fourth Amended Complaint.

Heinemann must clearly designate on the face of the document that it is the "Fourth Amended Complaint." The Fourth Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or Amended Complaints by reference. Heinemann may include only one claim per count; all claims and all defendants shall be included in the Fourth Amended Complaint.

The Fourth Amended Complaint will supersedes the original Complaint and Amended Complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original Complaint and Amended Complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any defendant or cause of action that was raised in the original Complaint or Amended Complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in the Fourth Amended Complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

The Fourth Amended Complaint must include short, plain statements telling the Court: (1) the constitutional or statutory right Heinemann believes were violated; (2) the name of a Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Heinemann's constitutional or statutory right; and (5) what specific injury Heinemann suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377. Heinemann must repeat this process for each person/entity named as a Defendant. If Heinemann fail to affirmatively link

the conduct that is alleged to violate the Constitution of each named Defendant with the specific injury suffered by Heinemann, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants has violated a constitutional or statutory right are not acceptable and will be dismissed.

*Warnings*

If Heinemann's address changes, Heinemann must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Heinemann must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

If Heinemann fail to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly, IT IS ORDERED:

1.    Heinemann's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 20) is GRANTED.

a. Heinemann shall review the ECF Administrative Policies and Procedures Manual. The Manual may be found at the following web address:

http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf

b. Heinemann may electronically file documents in this case pursuant to ECF Administrative Policies and Procedures Manual, Section II.B.3.

c. Heinemann must comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case

related transmissions, be able to electronically transmit documents to the court in .pdf, complete and submit the Pro Se Participant Electronic Case Files Registration Form[4] to register as a user with the Clerk's Office within five (5) days of the date of this Order, register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Heinemann.

2.      The Motion to Appoint a Federal Defender (Doc. 19) is DENIED.

3.      The Motion to Change Venue (Doc. 9), the Motion to Bar State Refiling Case CF 2019-018 (Doc. 10), and the Motion for Collateral Jurisdiction (Doc. 19) are DENIED.

4.      The Motion to Dismiss Case (Docs. 8 and 16) is DENIED.

5.      The Motion to Compel (Doc. 13) is DENIED.

6.      The Complaint (Doc. 1) and Amended Complaints (Docs. 14, 15, and 21) are DISMISSED WITH LEAVE TO AMEND.

7.      Heinemann has 30 days from the date of this Order is file to file a Fourth Amended Complaint in compliance with this Order. If Heinemann fails to file a Fourth Amended Complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

8.      The time for completing service is extended to December 31, 2019.

9.      The Clerk of Court shall amend the caption to reflect the Defendants as the Nogales Police Department, the Clerk of Courts, and the City of Nogales.

. . . . .

. . . . .

. . . . .

---

[4]http://www.azd.uscourts.gov/sites/default/files/forms/ProSeMotionToEfile.pdf

1    10.    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2 Complaint for a Civil Case.

3    DATED this 23rd day of October, 2019.

4

5

6    _____
     Cindy K. Jorgenson
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| _____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>**-v-**<br><br><br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names. Do not include addresses here.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      Case No. _____<br>                                           *(to be filled in by the Clerk's Office)*<br><br>     Jury Trial: *(check one)*    ❏ Yes    ❏ No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

        Name

        Address

                                        *City*          *State*          *Zip Code*

        County

        Telephone Number

        E-Mail Address

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

        Defendant No. 1

           Name

           Job or Title *(if known)*

           Address

                                          *City*          *State*          *Zip Code*

           County

           Telephone Number

           E-Mail Address *(if known)*

           ❑ Individual capacity    ❑ Official capacity

        Defendant No. 2

           Name

           Job or Title *(if known)*

           Address

                                          *City*          *State*          *Zip Code*

           County

           Telephone Number

           E-Mail Address *(if known)*

           ❑ Individual capacity    ❑ Official capacity

Defendant No. 3

    Name                                        _____

    Job or Title *(if known)*          _____

    Address                             _____

                                     _____ _____ _____
                                        *City*       *State*     *Zip Code*

    County                           _____

    Telephone Number        _____

    E-Mail Address *(if known)*     _____

           ❒  Individual capacity     ❒  Official capacity

Defendant No. 4

    Name                                        _____

    Job or Title *(if known)*          _____

    Address                             _____

                                     _____ _____ _____
                                        *City*       *State*     *Zip Code*

    County                           _____

    Telephone Number        _____

    E-Mail Address *(if known)*     _____

           ❒  Individual capacity     ❒  Official capacity

## II.      Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

      ❒  Federal officials (a *Bivens* claim)

      ❒  State or local officials (a § 1983 claim)

B.      Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C.      Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

## III.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

B.      What date and approximate time did the events giving rise to your claim(s) occur?

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

IV.     **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

V.      **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff        _____

Printed Name of Plaintiff    _____

### B.        For Attorneys

Date of signing: _____

Signature of Attorney        _____

Printed Name of Attorney    _____

Bar Number                   _____

Name of Law Firm             _____

Address                      _____

                             _____    _____    _____
                                    *City*              *State*      *Zip Code*

Telephone Number             _____

E-mail Address               _____